# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

---

In re: JOSE J. HERNANDEZ

Debtor

------------------------------

COLLECT ACCESS, LLC

Appellant

v.

JOSE J. HERNANDEZ

Appellee

BAP No. SC-13-1301-PaJuKu

Bankr. No. 11-15921-MM7
Chapter 7

April 30, 2014

---

## PROOF OF SERVICE OF MANDATE

A certified copy of the attached judgment was sent to:

CLERK

U.S. BANKRUPTCY COURT
BkCt, San Diego
U.S. Bankruptcy Court
Jacob Weinberger United States Courthouse
325 West F Street
San Diego, CA 92101-6998

on April 30, 2014
By: Vicky Jackson-Walker, Deputy Clerk

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re: JOSE J. HERNANDEZ

Debtor

--------------------------------

COLLECT ACCESS, LLC

Appellant

v.

JOSE J. HERNANDEZ

Appellee

BAP No. SC-13-1301-PaJuKu

Bankr. No. 11-15921-MM7
Chapter 7

# FILED

APR 04 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## JUDGMENT

ON APPEAL from the United States Bankruptcy Court for California Southern - San Diego.

THIS CAUSE came on to be heard on the record from the above court.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is **AFFIRMED.**

### FOR THE PANEL,

Susan M Spraul
Clerk of Court

**By:** Vicky Jackson-Walker, Deputy Clerk

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:

Susan M. Spraul, Clerk

by Deputy Clerk

FILED

**NOT FOR PUBLICATION**

APR 04 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. SC-13-1301-PaJuKu |
| JOSE J. HERNANDEZ, | Bankr. No. 11-15921-MM7 |
| Debtor. | |
| COLLECT ACCESS, LLC, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| JOSE HERNANDEZ, | |
| Appellee.[2] | |

Argued and Submitted on March 20, 2014
at Pasadena, California

Filed - April 4, 2014

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Margaret M. Mann, Bankruptcy Judge, Presiding

Appearances:   Tappan Zee argued for appellant Collect Access, LLC.

Before: PAPPAS, JURY, and KURTZ, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]  Appellee Jose Hernandez did not file a brief or appear in this appeal.

Appellant Collect Access, LLC ("Collect") appeals the order of the bankruptcy court finding it in contempt for failing to pay monies due to chapter 7[3] debtor, Appellee Jose J. Hernandez ("Hernandez"), under the terms of a previous order.  We AFFIRM.

## FACTS[4]

On August 30, 2002, a judgment was entered in San Diego Superior Court in favor of First Select, Inc. against Hernandez for $2,091.71; the judgment was renewed on January 22, 2008 for $3,723.19.  Collect, the successor to First Select, submitted a writ of execution to the Los Angeles Sheriff's Department on July 12, 2011, to enforce the judgment.  On August 26, 2011, the sheriff served the writ on Wells Fargo Bank, N.A. and received $712.39 from funds in Hernandez's bank account.

On September 27, 2011, Hernandez filed a petition for relief under chapter 7.  He listed the levied funds as an asset in Schedule B and claimed them exempt in Schedule C.

On November 3, 2011, Hernandez filed an ex parte motion in the bankruptcy court seeking an order requiring the sheriff to turn over the funds to him under § 542(a).  The bankruptcy court granted the turnover motion the next day.  However, the sheriff

---

[3]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1–86.

[4]  As is discussed below, this is the second occasion these parties have appeared before the Panel concerning their disputes. Many of the facts recounted here are taken from the opinion of the Panel in the first appeal, Collect Access, LLC v. Hernandez, 483 B.R. 713 (9th Cir. BAP 2012).

-2-

1   was unable to comply with the order because, before receiving it,

2   the funds had been transferred to Zee Law Group ("Zee Group"),

3   the attorneys for Collect.

4       Hernandez filed a second ex parte motion for turnover on

5   November 21, 2011, this time directed at Zee Group.  The

6   bankruptcy court granted that motion and entered the second

7   turnover order on November 30, 2011.

8       In response, on December 7, 2011, Collect filed an

9   application to vacate the second turnover order, arguing that

10   there was no legal basis to require it to turn over the funds to

11   Hernandez.  Hernandez responded on December 19, 2011, alleging

12   that turnover was proper and, that by not paying over the funds

13   to him, Collect had violated the § 362(a) automatic stay; he

14   sought to recover $1,100 on account of Collect's conduct as

15   damages under § 362(k).

16       After conducting a hearing on Collect's motion on

17   January 19, 2012, the bankruptcy court entered a Memorandum of

18   Decision on March 19, 2012.  The court explained its reasons for

19   having granted both turnover motions and concluded that, by not

20   paying the seized funds to Hernandez, Collect had violated the

21   § 362(a) automatic stay:

22          Upon receiving notice of the Debtor's September 27,
            2011 bankruptcy petition, Collect had an affirmative
23         obligation to cease its collection procedures and
            notify the Sheriff to return the property.  It failed
24         to do so, resulting in the Sheriff's release of the
            Funds to Collect on November 7, 2011.  This release
25         violated the automatic stay and was void (citations
            omitted).  Collect and its attorney, Tappan Zee, were
26         given notice of Debtor's Chapter 7 petition on the date
            of filing, September 27, 2011.  Bankruptcy Code section
27         362(k) permits a person injured by any willful
            violation to recover actual and punitive damages, as
28         sanctions for willful violations. . . .  In the

1      Debtor's response to Collect's opposition, the Debtor
2      asserted $1,100 in damages from Collect's violation of
      the automatic stay.  Upon an application for fees and
3      costs by the Debtor, subject to response from Collect,
      the Court will consider an order assessing Debtor's
4      actual damages for Collect's violation of the automatic
      stay.

5  In re Hernandez, 468 B.R. 396, 405-06 (Bankr. S.D. Cal. 2012),

6  aff'd, 483 B.R. 713 (9th Cir. BAP 2012).[5]

7     The bankruptcy court entered an order denying Collect's

8  motion on April 2, 2012 ("Order Denying Vacatur"), which again

9  directed Collect to turn over the $712.39 to Hernandez no later

10  than seven business days after entry of the order and provided

11  that the court would "consider an order assessing Debtor's actual

12  damages for Collect's violation of the automatic stay upon an

13  Application for Fees and Costs by [Hernandez]."

14     On April 4, 2012, Hernandez filed a Motion for Costs,

15  Damages and Fees Incurred for Willful Violation of the Automatic

16  Stay (the "Damages Motion").  The Damages Motion sought attorneys

17  fees and costs of $3,572.06, actual damages of $100.00, and

18  punitive damages of $7,225.00 relating to Collect's stay

19  violation.

20     Collect appealed the Order Denying Vacatur on April 9, 2012.

21  However, Collect did not seek a stay pending appeal from either

22  the bankruptcy court or the Panel.  In addition, in its Statement

23  of Issues on Appeal filed in the bankruptcy court, Collect did

24  not challenge the bankruptcy court's ruling that it had violated

25  the automatic stay.

26

27     [5]  For clarity, we will refer to the BAP decision as

28  Hernandez II.

1    On April 27, 2012, Collect finally turned over the $712.39
2  to counsel for Hernandez.

3    While the appeal in Hernandez II was pending, Hernandez
4  filed two other motions in the bankruptcy court, one to avoid
5  Collect's judgment lien under § 522(f) (the "Avoidance Motion"),
6  and a second asking the bankruptcy court to find that Collect was
7  in contempt for its failure to timely turn over the $712.39
8  within the seven-day time period specified in the Order Denying
9  Vacatur (the "First Contempt Motion").

10    The bankruptcy court conducted a hearing on the three
11  Hernandez motions (i.e., Damages, Avoidance and First Contempt)
12  on June 14, 2012.  At the hearing, the Avoidance Motion was
13  granted, the First Contempt Motion was denied because Collect had
14  by then complied with the Order Denying Vacatur, and the Damages
15  Motion was granted.  The court awarded Hernandez his requested
16  attorney's fees of $3,572.06, but denied his request for any
17  additional damages.

18    The bankruptcy court directed Hernandez to prepare and lodge
19  a proposed order concerning the Damages Motion.  Hernandez lodged
20  a proposed order on June 25, 2012.  On July 2, 2012, Collect
21  objected to the order proposed by Hernandez asserting that the
22  bankruptcy court, at the hearing on June 14, 2012, had directed
23  Hernandez to submit a form of "judgment," not an order.  It also
24  lodged a proposed form of judgment for entry by the court.

25    On July 6, 2012, the bankruptcy court entered an Order Re
26  Further Briefing.  It acknowledged Collect's objection to the
27  Hernandez proposed order and conceded that it may have "misspoke"
28  at some point in the hearing.  However, the court indicated that

-5-

1  its intent, as reflected in the Memorandum of Decision and its

2  tentative ruling, was that an order, not a judgment, be submitted

3  for entry.  The court cited to case law in support of its

4  position that an order rather than a "mere judgment" was proper

5  in this context.[6]  However, the court invited Collect to submit

6  further arguments on this point: "If Collect has case law to

7  support its argument that the damages from the automatic stay

8  should merely be a judgment instead of an order, it may submit

9  further briefing by July 13, 2012.  Otherwise, the Court will

10  enter an order for Collect to pay Debtor's attorney's fees within

11  15 days."

12      Collect did not respond to the bankruptcy court's invitation

13  to submit a brief, and the bankruptcy court entered the order on

14  the Damages Motion on July 19, 2012 (the "Attorney Fee Order").

15      On December 14, 2012, the BAP affirmed the Order Denying

16  Vacatur.  Hernandez II, 483 B.R. at 726.  Collect did not appeal

17  the BAP's decision.

18      On April 22, 2013, Hernandez filed a second motion for

19  contempt against both Collect and Zee Group (the "Second Contempt

20  Motion").  It alleged that, while the Attorney Fee Order had been

21  entered on July 19, 2012, directing Collect to pay $3,572.06 to

22

23      [6]  See In re Jones, 2007 Bankr. LEXIS 4649, at *1 (noting
24  that an order to show cause was entered against creditor for
    failure to pay sanction as required by order); In re Seaspire,
25  Inc., 63 B.R. 44, 45 (Bankr. M.D. Fla. 1986) (ordering creditor
    to appear to explain why she should not be held in contempt for
26  failing to pay damages for violation of the automatic stay); see
    also Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir.
27  1983) (explaining that sanctions can be compensatory or
28  coercive).

-6-

Hernandez's attorney within fifteen days, and while Hernandez had again demanded payment from Collect within five days on January 2, 2013, no payment had been made.  The Second Contempt Motion asked the bankruptcy court to enter an Order to Show Cause ("O.C.") why Collect should not be held in civil contempt pursuant to Rule 9020 and § 105(a).

Collect responded to the Second Contempt Motion on May 6, 2013.  While not denying its failure to pay Hernandez, it argued that because only Collect, and not its attorneys, was named in the Attorney Fee Order, Zee Group could not be held in contempt; that contempt was an improper procedure for enforcement of the Attorney Fee Order; and that the Second Contempt Motion was moot because it sought the same relief as the First Contempt Motion, which had been denied.  Collect did not comply with the Attorney Fee Order.

Before the hearing on the Second Contempt Motion on May 23, 2013, the bankruptcy court issued a tentative ruling indicating its intent to hold Collect in civil contempt if the Attorney Fee Order had not been complied with, and the funds paid to Hernandez, before the hearing.  After the hearing, the court took the issues under advisement.

The bankruptcy court entered an Order re Second Motion for Contempt on June 12, 2013 (the "Contempt Order").  First, the court agreed that contempt was not available as against Collect's attorneys.  Second, the court ruled that the Second Contempt Motion was not moot because it addressed Collect's failure to comply with the Attorney Fee Order, while the First Contempt Motion focused on Collect's failure to obey the turnover orders.

1    The bankruptcy court then discussed Collect's third
2  argument, that the Attorney Fee Order was merely a judgment for
3  damages, rather than an order to pay sanctions, such that it
4  could not be enforced via contempt.  The court reasoned that,
5  even if it had been an error for the court to enter an order,
6  instead of a judgment, the Attorney Fee Order should have been
7  obeyed.  The court noted that the context of the proceedings
8  clearly established that the Attorney Fee Order was based on an
9  implicit finding of contempt, rather than merely a damages award.
10 And finally, citing to the BAP's decision in Rosales v. Wallace
11 (In re Wallace), 490 B.R. 898 (9th Cir. BAP 2013), the court
12 explained that an order to enforce compliance with a previous
13 sanctions order resulting from a party's misconduct is not an
14 "ordinary money judgment" enforceable only through Civil Rule 69.
15 The bankruptcy court found that clear and convincing evidence
16 showed that Collect had knowingly violated a definite and
17 specific court order (the Attorney Fee Order), had ignored the
18 Court's rejection of its judgment theory, and had refused to pay
19 the Attorney Fee Order.

20    The bankruptcy court ordered Collect to show cause why it
21 should not pay $3,572.06, the amount due on the Attorney Fee
22 Order, to Hernandez within seven days.  Collect was also ordered
23 to pay the attorney's fees incurred by Hernandez in seeking
24 compliance with the Attorney Fee Order, in an amount to be
25 determined after Hernandez filed a fee application.

26    Collect filed a timely appeal of the Contempt Order on
27 June 21, 2013.  Hernandez sought from the bankruptcy court, and
28 was granted, a stay pending appeal, on condition that it provide

-8-

1  a bond, which it did.

2  **JURISDICTION**

3  The bankruptcy court had jurisdiction under 28 U.S.C.

4  §§ 1334 and 157(b)(2)(A) and (O).  We have jurisdiction under

5  28 U.S.C. § 158.

6  **ISSUE**

7  Whether the bankruptcy court abused its discretion in

8  finding Collect in contempt for violating the Attorney Fee Order.

9  **STANDARD OF REVIEW**

10  The bankruptcy court's civil contempt order and sanctions

11  are reviewed for abuse of discretion.  Rediger Inves. Servs. v.

12  H Granados Commc'ns, Inc. (In re H Granados Commc'ns, 503 B.R.

13  726, 731-32 (9th Cir. BAP 2013).  The abuse of discretion

14  standard has two parts.  First, we consider whether the

15  bankruptcy court applied the correct legal standard; and second,

16  we must decide whether the court's factual findings supporting

17  the legal analysis were clearly erroneous.  Alakozai v. Citizens

18  Equity First Credit Union (In re Alakozai), 499 B.R. 698 (9th

19  Cir. BAP 2013) (citing United States v. Hinkson, 585 F.3d 1247,

20  1261-62 (9th Cir. 2009) (en banc)).

21  **DISCUSSION**

22  **A.**

23  To hold a party in civil contempt, the bankruptcy court must

24  find by clear and convincing evidence that the offending party

25  knowingly violated a definite and specific court order.  Knupfer

26  v. Lindblad (In re Dyer), 322 F.3d 1178, 1190 (9th Cir. 2003).

27  The burden then shifts to the offending party to show why it was

28  unable to comply with the order.  FTC v. Affordable Media,

-9-

1   179 F.3d 1228, 1239 (9th Cir. 1999).

2       In the Contempt Order, the bankruptcy court explained:

3       Even if the court was incorrect in entering an order
    rather than a judgment for damages, which it was not,
4   this is no defense to Collect's noncompliance with the
    Attorney Fee Order.  If Collect thought the Attorney
5   Fee Order was in error, it was incumbent upon it to
    submit briefing before the Court ruled, or appeal the
6   Attorney Fee Order and seek to stay the order pending
    appeal. (Citations omitted). . . .  In short, the
7   evidence is clear and convincing that Collect knowingly
    violated a definite and specific court order by
8   ignoring the Court's clear rejection of his judgment
    theory and refusing to pay the attorney's fees ordered
9   by the Attorney Fee Order.

10  Contempt Order at 2.

11      In its analysis, the bankruptcy court correctly invokes a

12  long-standing rule of law:  "If a person to whom a court directs

13  an order believes that order is incorrect the remedy is to

14  appeal, but, absent a stay, he must comply promptly with the

15  order pending appeal."  This principle was articulated by the

16  U.S. Supreme Court in Maness v. Meyers, 419 U.S. 449, 458 (1975),

17  although its origin relates back in the Court's case law to at

18  least 1922 with Howat v. Kansas, 258 U.S. 181 (1922).  The Ninth

19  Circuit frequently applies the rule.  See, e.g., Espinosa v.

20  United Student Aid Funds, 553 F.3d 1193, 1205 (9th Cir. 2008)

21  (holding that a creditor is not free to violate a bankruptcy

22  court order because it has doubts as to the validity of the

23  order) aff'd, 559 U.S. 260, 279 (2010); United States v. Galin,

24  222 F.3d 1123, 1127 (9th Cir. 2000); Crystal Palace v. Mark Twain

25  Indus., Inc. (In re Crystal Palace Gambling Hall, Inc.), 817 F.2d

26  1361, 1365 (9th Cir. 1987) (cited as authority by the bankruptcy

27  court in this appeal).

28      The Maness rule applies even when the statute or case law

-10-

1  underlying the trial court's order is later ruled

2  unconstitutional.  United States v. Pescatore, 637 F.3d 128, 144

3  (2d Cir. 2011).  And disregard of the requirements of the rule is

4  punishable by contempt proceedings.  Id.  However, to find

5  contempt for violation of a court's order, the subject court

6  order must have been lawful.  Shilitani v. United States,

7  384 U.S. 364, 370 (1966).  But, in this context, "lawfulness" is

8  not a high standard, depending only on whether the court entering

9  the order had subject matter jurisdiction over the action and

10  personal jurisdiction over the parties affected by the order.

11  Maness, 419 U.S. at 459 ("an order issued by a court with

12  jurisdiction over the subject matter and person must be obeyed by

13  the parties until it is reversed by orderly and proper

14  proceedings.").

**B.**

16  As the bankruptcy court found, Collect apparently decided

17  that because the Attorney Fee Order was a "judgment," and not an

18  order, it need not voluntarily obey it but, instead, the onus was

19  on Hernandez to use execution or some other enforcement means to

20  collect the sums due under the Attorney Fee Order.  Collect's

21  decision was incorrect and had consequences.

22  First, we note that Collect has never asserted that the

23  bankruptcy court lacked subject matter jurisdiction over this

24  dispute, or personal jurisdiction over Collect to enter the

25  Attorney Fee Order.  Indeed, the Attorney Fee Order was entered

26  by the bankruptcy court in connection with a pending bankruptcy

27  case, to enforce the § 362(a) automatic stay, and to compel a

28  creditor to recompense Hernandez for damages Collect caused him

-11-

by its disregard of that stay.  Clearly, the bankruptcy court had
subject matter jurisdiction over the contempt proceedings.
See 28 U.S.C. § 1334(b)(establishing jurisdiction in the district
courts for "civil proceedings . . . arising in or related to a
case under title 11."); 28 U.S.C. § 157(a) (authorizing district
courts to refer all such proceedings to the bankruptcy court);
28 U.S.C. § 157(b)(1),(2)(A), (E), and (O) (authorizing
bankruptcy court to enter a final judgment in core proceedings,
including "matters concerning administration of the estate,"
"orders to turn over property of the estate," or in "proceedings
affecting . . . the adjustment of the debtor-creditor . . .
relationship").  Collect was also subject to the personal
jurisdiction of the bankruptcy court, was afforded appropriate
due process, and appeared and was heard before the bankruptcy
court entered its orders.  See Rules 9014 (contested matters);
9020 (contempt).

Moreover, as we explain below, Collect's various arguments
challenging the contempt finding in the bankruptcy court, and now
on appeal, all lack merit.  But, again, even if Collect were
correct, it can not dispute that the bankruptcy court issued a
lawful order, the Attorney Fee Order, which required it to act
and it defiantly chose not to.  If Collect believed that order
was improper in some respect, its sole option was to appeal the
order, and to seek a stay of its duty to perform pending that
appeal.  Instead, as the bankruptcy court correctly observed,
Collect consciously decided not to comply with the Attorney Fee
Order, it did not appeal, and it did not seek a stay.
Effectively, Collect did nothing, and doing nothing when the

-12-

1    Attorney Fee Order clearly and definitely compelled it to pay

2    Hernandez for the attorneys fees and costs he incurred in

3    prosecuting the stay violation motions amply demonstrates

4    Collect's contempt.

5                                    **c.**

6         Collect's arguments in support of its legal position fall

7    into two categories.  It first contends that the bankruptcy

8    court's Attorney Fee Order is a "money judgment," and therefore,

9    it must be enforced as a judgment, not via contempt proceedings.

10   Second, Collect insists that the bankruptcy court erred in

11   finding Collect in contempt for failing to pay a compensatory

12   order.

13        Collect's first argument in unpersuasive.  It relies on

14   Rules 9001(7) ("'Judgment' means any appealable order."), 9002(5)

15   ("'Judgment' includes any order appealable to an appellate

16   court."), and Civil Rule 69(a), which is applicable in contested

17   matters via Rules 7069 and 9014(c) ("A money judgment is enforced

18   by a writ of execution, unless the court orders otherwise.").

19   But Collect's argument proves too much, because, at bottom, its

20   "judgment theory" would treat all orders issued by a bankruptcy

21   court as judgments.

22        Collect cites two cases for the proposition that all of the

23   bankruptcy court's orders are, by virtue of these rules,

24   equivalent to money judgments.  Collect's Br. at 12 (citing

25   Newland v. Super. Ct., 40 Cal. App. 4th 608, 615 (1995); SEC v.

26   Naftalin, 460 F.2d 471, 775 (8th Cir. 1972)).  Neither case

27   applies in this context.

28        The Newland case deals with discovery sanctions under

                                    -13-

California law.  In it, the California court states that
"monetary sanction orders are enforceable through the execution
of judgment laws. These orders have the force and effect of a
money judgment and are immediately enforceable through execution,
except to the extent the trial court may order a stay of the
sanction."  Newland, 40 Cal. App. 4th at 615.  Of course, Newland
deals specifically with California's procedural rules; it does
not speak to whether, or which, orders entered in federal civil
proceedings are money judgments that must be enforced via a writ
of execution, as opposed to contempt proceedings.

     Collect's second authority, Naftalin, is also of no
consequence here.  Quoting the court in its brief, Collect points
out that, once the finding of contempt has been made and a
sanction imposed, the order acquires all the "elements of
cooperativeness and consequence necessary to be possessed by any
judicial order to enable it to have the status of a final
decision under [28 U.S.C.] § 1291."  Naftalin at 475.  But
Collect does not correctly quote the text of the Eighth Circuit's
decision, which instead actually reads, "Until a sentence or
sanction has been made to exist as to a contempt adjudication,
the situation is lacking in the elements of operativeness and
consequence necessary to be possessed by any judicial order to
enable it to have the status of a final decision under § 1291."
Id.  Naftalin also does not seem to have any bearing on what
constitutes a money judgment enforceable by execution.

     Collect searches unsuccessfully for reliable authority that
a final order awarding monetary sanctions is a money judgment for
purposes of Civil Rule 69(a).  Collect cites four cases that

-14-

1    simply apply Civil Rule 69(a)'s requirement that the proper means

2    of securing compliance with a money judgment is to seek a writ of

3    execution.  Collect's Op. Br. at 20.  The cases do not attempt to

4    distinguish between money judgments and a stay violation

5    sanctions order, nor more generally, are they insightful as to

6    whether final orders must be enforced solely through writs of

7    execution.

8         Of the four cases, the first is Hilao v. Est. of Marcos,

9    95 F.3d 848 (9th Cir. 1996).  This case involved an attempt to

10   enforce a $2 billion judgment from the District Court of Hawaii

11   in the Central District of California against the estate of

12   former President Ferdinand Marcos of the Philippines.  The court

13   held that the size of the judgment and difficulty of enforcing

14   the judgment merited its treatment as a money judgment under

15   Civil Rule 69(a).  Id. at 855.

16        The second case is Shuffler v. Heritage Bank, 720 F.2d 1141

17   (9th Cir. 1983).  The case dealt with enforcement of a money

18   judgment, plus $500 per day in fines.  Although there is dicta in

19   the decision about Civil Rule 69(a), the court did not base its

20   decision on Civil Rule 69(a), but only ruled that the party was

21   in contempt for noncompliance with the earlier judgment, and

22   remanded to the district court for determination of the amount of

23   fine.  Id. at 1148-49.

24        The third case is Aetna Cas. & Sur. Co. v. Markarian,

25   144 F.3d 346, 349 (1st Cir. 1997).  The case holds that where a

26   "money judgment" is entered in federal court, the enforcement is

27   by writ of execution.  Again, the size and complexity of the

28   judgment and difficulty of enforcement made the writ of execution

-15-

under Civil Rule 69(a) the proper means of enforcement. <u>Id.</u> at
349.

The fourth case is <u>Combs v. Ryan's Coal Co.</u>, 785 F.2d 970,
980 (11th Cir. 1986). Here the issue was enforcement of a money
judgment against nonparties. The amount was substantial
($750,000), and again, the court determined it was a money
judgment enforceable under Civil Rule 69(a), in part because it
was a large judgment and involved nonparties.

These cases can be contrasted with this appeal. Here, the
bankruptcy court found in the Attorney Fee Order that Collect had
willfully violated the automatic stay by declining to release the
seized funds to Hernandez, and awarded Hernandez compensatory
sanctions under § 362(k). Collect did not appeal that order.
And although Collect argues that the Attorney Fee Order was not a
sanction order for misconduct, this is quibbling. The Attorney
Fee Order directed Collect to pay the damages it had caused
Hernandez to incur, consisting of attorneys fees and costs, in
response to Collect's violation of the § 362(a) automatic stay.
Simply put, Collect's conduct was inappropriate when measured
against the Code, and the Attorney Fee Order cannot fairly be
characterized as anything other than a sanction. The cases cited
by Collect all deal with judgments entered in business disputes,
not sanctions for misconduct.

As compared to the dearth of support for Collect's position,
BAP case law supports the bankruptcy court's view that when a
party's willful failure to comply with an order constitutes
misconduct it may be remedied via contempt sanctions.

In <u>Rosales v. Wallace (In re Wallace)</u>, 490 B.R. 898 (9th

-16-

Cir. BAP 2013), in a first contempt order, a creditor was found
by the bankruptcy court to have violated the § 524(a) discharge
injunction.  The court ordered the creditor to pay sanctions to
the debtor, including attorney's fees, within sixty days.  The
creditor did not pay.  The debtor filed a second contempt motion
to compel payment.  The creditor argued that the first contempt
order was a money judgment that could only be enforced by a writ
of execution under Civil Rule 69(a).  After a hearing, the
bankruptcy court found creditor in contempt and order them to pay
the original sanctions order.  Creditor then appealed to the BAP.
Id. at 904.

The Panel first dismissed creditor's argument that an order
to pay sanctions is a "judgment" for purposes of Civil
Rule 69(a), and Rules 9001(7) and 9002(5): "[T]hese Rules merely
provide definitions for the word 'Judgment' as 'any appealable
order' and 'any order appealable to an appellate court.'  We fail
to see how these definitions would transform what is clearly an
order to pay monetary sanctions within a specified time period
into a money judgment."  Id. at 906.

The Panel ultimately ruled that Civil Rule 69(a) did not
apply to a bankruptcy court's monetary sanction for violation of
a previous order:

> Despite Civil Rule 69's mandate for the proper
> enforcement of money judgments, we are persuaded . . .
> that a court's monetary sanction for a contemnor's
> misconduct is not an "ordinary" money judgment, and
> therefore the use of the contempt power is a proper
> method to enforce a sanction for misconduct.
> [Cleveland Hair Clinic, Inc. v. Puig], 106 F.3d 165,
> 166 (7th Cir. 1997)("Use of the contempt power is an
> appropriate way to enforce a sanction for misconduct,
> which is not an ordinary money judgment.")(citing
> Alpern v. Lieb, 11 F.3d 689, 690 (7th Cir. 1993)).  See

-17-

1       <u>Loftus v. Se. Pa. Transp. Auth.</u>, 8 F.Supp.2d 464, 468
2       (E.D. Pa. 1998), aff'd, 187 F.3d 626 (3d Cir. 1999)
        (table case)(citing <u>Cleveland Hair Clinic</u> and holding
3       that the use of the contempt power to enforce a
        sanction for misconduct is appropriate because a
4       sanction for misconduct is not an ordinary money
        judgment); <u>Eng. v. Goodcents Holdings, Inc.</u>, 2009 U.S.
5       Dist. LEXIS 77801, 2009 WL 2835201, at *2 (N.D. Ga.
        Aug. 31, 2009)(rejecting plaintiff's argument that a
6       writ of execution was exclusive remedy for violating
        prior sanctions order and holding that contempt
7       proceeding was proper remedy for plaintiff's failure to
        comply with the order awarding defendant attorney's
8       fees for plaintiff's unreasonable continuation of
        litigation); <u>SD Prot., Inc. v. Del Rio</u>, 587 F.Supp.2d
9       429, 434-36 (E.D.N.Y. 2008)(holding party in contempt
        for failing to comply with prior order to pay monetary
10      sanction imposed for delaying litigation).

11  <u>Id.</u> at 907.

12          Collect's argument that the Attorney Fee Order is a money

13  judgment that must be enforced through a writ of execution under

14  Civil Rule 69(a) is inconsistent with <u>In re Wallace</u>.  We hold

15  that the Attorney Fee Order was a definite and specific order

16  that Collect knowingly elected to disregard.  Accordingly, the

17  bankruptcy court did not abuse its discretion in finding Collect

18  in contempt.  <u>Id.</u> at 908.

19                              **D.**

20          There is one potential element of confusion in the

21  bankruptcy court's Contempt Order that Collect identifies:  Were

22  the amounts that Collect was ordered to pay Hernandez in the

23  Attorney Fee Order compensatory damages under § 362(k), or

24  contempt damages under § 105(a)?  Earlier in the case, the

25  bankruptcy court based the Attorney Fee Order on § 362(k).

26  Then, in the Contempt Order, the bankruptcy court stated that

27  "the record also supports the Court finding Collect in contempt

28  in the Attorney Fee Order under the standards of 11 U.S.C.

                              -18-

§ 105(a)."  Contempt Order at 5.

There does not appear to be any prohibition in the case law on awarding attorneys fees to an individual debtor to remedy a stay violation under either § 105(a) or §362(k), provided the different procedural requirements for such an award are met, and the award does not include punitive damages.  <u>Schwartz-Tallard v. Am. Servicing Co. (In re Schwartz-Tallard)</u>, 473 B.R. 340, 351 (9th Cir. BAP 2012).  And, recall, as the bankruptcy court observed in its Contempt Order, "[t]he [Order re Further Briefing] clearly invited the parties to address the contempt issue to enable the Court to determine which of the two proposed orders to enter, so Collect was aware that the Court was reconsidering its tentative ruling and awarding the [Attorney Fee Order] on the basis of the First Contempt Motion rather than the Damages Motion when it entered the Attorney Fee Order as a contempt order, rather than merely a damages award."  Contempt Order at 6.

The Panel has addressed this issue, and in doing so, rejected Collect's argument that the Ninth Circuit's opinion in <u>Sternberg v. Johnson</u>, 595 F.3d 937 (9th Cir. 2008), limits damages for violation of the automatic stay to those specified in § 362(k):

> <u>Sternberg</u> does not limit the recovery of fees and costs to § 362(k); instead, a debtor's recovery of damages is also available under § 105(a).  This is confirmed in the decision itself, which provides that the basis for the decision was the statutory language of § 362(k), not the bankruptcy court's civil contempt authority under § 105(a).  <u>See</u> [<u>Sternberg</u>, 595 F.3d at] 946 n.3 ("As this opinion does not consider the civil contempt authority of the court, it does not limit the availability of contempt sanctions, including attorney fees, for violation of the automatic stay, where

-19-

1    otherwise appropriate.").

2   <u>Rediger Inves. Corp. v. H Granados Commc'ns, Inc. (In re</u>

3   <u>H Granados Commc'ns, Inc.)</u>, 503 B.R. 726, 734 (9th Cir. BAP

4    2013).

5    At bottom, it is of no consequence in this case whether the

6    Attorney Fee Order was based upon the bankruptcy court's inherent

7    power to punish contempts under § 105(a), as opposed to its power

8    to compensate debtors for stay violations under § 362(k).  The

9    Attorney Fee Order was a lawful order of the bankruptcy court

10   that Collect defied for almost two years.  We find no abuse of

11   discretion in the bankruptcy court's decision to find Collect in

12   contempt for its failure to obey the Attorney Fee Order.

13                          **CONCLUSION**

14   Collect knowingly violated a lawful, specific order of the

15   bankruptcy court directing it to pay compensatory damages to

16   Hernandez incurred as a result of Collect's violation of the

17   automatic stay.  Instead of appealing the order and requesting a

18   stay pending appeal, Collect did nothing.  Its arguments to

19   justify its conduct lack merit.  Even were it correct, though,

20   Collect cannot avoid the consequences of its disregard of the

21   basic tenet that lawful orders of a court must be obeyed, and

22   absent compliance, as the disobedient party, it may be held in

23   contempt.

24   We AFFIRM the Contempt Order of the bankruptcy court.

25

26

27

28