**ZEE LAW GROUP, P.C.**
Tappan Zee, Esq. (Bar #216118)
tzee@zeelawgroup.com
9660 Telstar Avenue
El Monte, CA 91731
Phone: (626) 588-1600
Facsimile: (626) 602-3827

**Attorneys for Respondent and Creditor,**
COLLECT ACCESS LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA - SAN DIEGO

| | |
|---|---|
| In Re:<br><br>JOSE J. HERNANDEZ<br><br>    Debtor. | Case No.: 11-15921-MM7<br><br>Chapter 7<br><br>Judge: Honorable Margaret M. Mann (Dept. 1)<br><br>**CREDITOR'S OPPOSITION TO FURTHER CONTEMPT ORDERS AND MOTION FOR FURTHER ATTORNEY FEES**<br><br>Date: October 2, 2014<br>Time: 10:00 a.m.<br>Dept.: 1<br>Room: 218 |

**TO THE HONORABLE MARGARET M. MANN:**

## I. INTRODUCTION/FACTS

COLLECT ACCESS, LLC ("COLLECT ACCESS") by and through their counsel, TAPPAN ZEE and ZEE LAW GROUP, P.C. hereby gives Notice of their Opposition to Attorneys for Debtor, JORGE HALPERIN and ELIZABETH SWILLER'S

(1) Request for Further Orders of Contempt filed on or about June 25, 2014; and

(2) "Application for Costs and Fees Incurred for Filing Motion for Contempt, Additional Attorneys Fees Incurred for 10/02/2014 Hearing" ("8/29/14 Application") for $2,000 AND request to the Court to issue an Order to Show Cause why COLLECT ACCESS, LLC should not be held in civil contempt filed on June 25, 2014 ("Order to Show Cause").

Attorneys for Debtor, JORGE HALPERIN and ELIZABETH SWILLER ("Debtor's Attorneys" or "Moving Party"), seek another order of Contempt against COLLECT ACCESS, LLC ("Collect Access") and further attorney fees for seeking such an order pursuant to Federal Rules of Bankruptcy Procedure §9020 based upon an order of contempt but with no new circumstances or facts to rationalize a separate order and based upon the same nucleus of facts of violating a stay order. On May 19, 2014 this court considered the renewed request for additional fees and granted the same, but denied Debtor's attorney's request for $1,000 in additional fees as they were not connected to filing that original motion, here, Debtor's attorneys attempt to obfuscate that finding by creating a new "filing" despite no further contemptuous conduct on the part of Collect Access. Debtor's counsel points to no law or facts which would support awarding contempt order upon contempt order upon contempt order, because such law does not exist as it would be a waste of judicial resources and an abuse of process.

## II. ARGUMENT

This Motion is moot as the Order of May 19, 2014 was based on a contempt order that was not objected to and therefore Debtor's Attorneys come before this Court to argue a matter already adjudicated and to further inflate their attorneys' fee award. The Order of May 19, 2014

is the same relief that was requested and granted in Moving Party's current motion and is not based on new conduct or law, Debtor's attorney simply seeks to keep taking the same bite at the apple without resorting to other means of enforcement and to be rewarded for that effort by inflating their fees further.

Moving Party has continued to waste this Court's precious resources and has refused to employ the proper method of enforcement of this court's order, a writ of execution. *Newland v Superior Court* (1995) 40 CA4th 608, 615. Under the Federal Rules of Bankruptcy Procedure an Order is the equivalent of a judgment. See Fed. R. Bankr. P. 9001(7) and 9002(5). Once the finding of contempt has been made and a sanction imposed, the order has acquired all the "elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under § 1291." See *SEC v. Naftalin*, 460 F.2d 471, 475 (8th Cir. 1972).

The express language of Fed. R. Bankr. P. 9001(7) clearly states that a "judgment" is any appealable order. Here, the judgment was entered by this Court on May 19, 2014 and Collect Access has not appealed such order therefore the order of additional fees of $1,687.50 is final and cannot further be supplemented by repeated applications for contempt with no new basis.

Requesting Sanctions for a Parties' Failure to Pay Sanctions is Impermissible and an abuse of process.  The motion before the Court borders on abuse of process as there are other methods which can be employed by the Moving Party to collect on the previously issued order which do not involve the intervention of this Court. The appropriate remedy to enforce a money judgment under Civil Rule 69(a) is a writ of execution, not a motion for contempt; therefore this motion is an improper procedure for enforcing payment. Fed.R.Civ.P. 69(a) states the "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." The "otherwise" clause is read narrowly. 7 J. Moore, Moore's Federal Practice p 69.02 at 69-10 to -10.1 (2d ed. 1985) states "[A] federal court should not ... enforce a money judgment by contempt or methods ther [sic] than a writ of execution, except in cases where established principles so warrant."

Moving Party must point to exceptional circumstances or established principles in their case to permit payment of the May 19, 2014 order through seeking another contempt order as the appropriate remedy is a writ of execution. *Shuffler v. Heritage Bank*, 720 F.2d 1141 (to the extent the 2nd order of contempt was intended to enforce payment, it was not sustained.) *Gabovitch v. Lundy*, 584 F.2d 559, 560 n.1 (1st Cir. 1978) ("equitable remedies, even those permitted by Rule 70, are seldom appropriate aids to execution of a money judgment") *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986) (although trial court may use the remedy of contempt to enforce an earlier judgment, when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt).

### III. CONCLUSION

For the foregoing reasons, namely that Moving Party has previously been granted the relief originally requested in 2012, Responding Party Collect Access LLC respectfully request that the Court deny Moving Party's instant motion for Contempt and their application for further fees.

Dated:  September 18, 2014            ZEE LAW GROUP, P.C.

/s/ Tappan Zee

Tappan Zee, Esq.
Attorneys for Creditor
COLLECT ACCESS LLC